USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/20/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALAN NISSELSON, as Chapter 7 Trustee of Tasker Products Corp., <br><br> Plaintiff, <br><br> -against- <br><br> LANNY DACUS, GREG OSBORN, STATHIS KOUNINIS, DOREEN REMMEN, JOSEPH P. CARFORA, TIMOTHY M. LANE, FREDERICK G. LEDLOW, WILLIAM P. MILLER, and PETER O'GORMAN, <br><br> Defendants. | Case No. <br> 10-CV-01665 (NRB) <br><br> **STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

This matter, having come before the Court by stipulation of counsel to plaintiff and defendants for the entry of a protective order governing the manner in which documents exchanged in the above-captioned litigation may be reviewed, copied, disseminated and filed, and governing the manner in which confidential and/or proprietary documents and information shall be produced by either party and their respective counsel, or by any non-party in the course of discovery in this matter, to the extent set forth below; and the parties, by their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1.  This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

1044058-2

2. Either party may designate Documents produced, or Testimony given, in connection with this action as "CONFIDENTIAL", either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3. As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

(b) "Producing Party" shall mean the parties to this action and any non-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting confidentiality, as the case may be.

(c) "Receiving Party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

(d) Nothing herein shall restrict a party's use of its own materials that it produces in discovery or documents that are, or become, publicly available in a manner other than by violation of this Stipulation or by other lawful means.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material, the Receiving Party may make an application to the Court for an order declassifying

2

1044058-2

those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall continue to be deemed Confidential Information and treated as such unless and until the Court rules otherwise.

5.  Except with the prior written consent of the Producing Party, or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

a. personnel of plaintiff or defendant actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

b. counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff and third-party vendors) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

c. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

d. the Court and court personnel, if filed in accordance with paragraph 12 hereof;

e. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

f. trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

g. any other person agreed to by the parties.

6. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

7. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving Party shall obtain the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.

8. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) calendar days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen (15) day period, the deposition shall be classified appropriately. Any part of a deposition transcript not so classified shall be deemed non-confidential and shall not be subject to the use restrictions set forth in this Stipulation.

9. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such confidential Information.

10. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" under the terms hereof. Any stenographer and deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto.

11. A party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) calendar days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. In the case of Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) calendar days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such thirty day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

12. A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall do so in accordance with the procedures established by this Court.

13. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

14. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its confidential nature as provided in paragraphs 2 and/or 11 of this Stipulation, may be so designated by the party asserting the confidentiality by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

15. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

16. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

17. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate.

18. This Stipulation shall continue to be binding after the conclusion of this litigation except:

(a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any the Stipulation. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

19.   Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

20.   To facilitate the timely production of voluminous documents in compliance with the parties' respective requests for production, the inadvertent production of any privileged documents, information or thing shall not be deemed a waiver of such privilege or any otherwise applicable protection from discovery or otherwise affect any party's right to seek return of the inadvertently produced document, information, or thing. The party receiving a document(s) that appears to be privileged or otherwise protected from discovery shall promptly notify the Producing Party upon becoming aware that the document(s) may have been inadvertently produced and in any event, before making use of said document in its submissions to the Court or otherwise.

21.   In the event documents which are claimed to be privileged or subject to any other applicable protection from discovery are inadvertently produced during discovery, such documents shall be returned by the Receiving Party within two days of any written request therefore, unless the Receiving party challenges the privileged or protected nature of the document(s). A claimed lack of privilege or protection from discovery (and not the inadvertent production) shall be the sole ground for refusing to return inadvertently-produced privileged document(s) and such document(s) shall only be retained while an application to the Court is pending. While such application is pending, the Receiving Party shall not use or divulge the contents of such document(s) except to the Court under seal. If the Court finds that the document(s) in question is privileged or otherwise protected from discovery, the Receiving Party

7

1044058-2

shall promptly return all copies of the inadvertently produced document(s) and not retain any copies, notes or summaries of said documents.

21.   Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

22.   This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

8

1044058-2

Dated: New York, New York
August 16, 2010

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP

By: _____
Michael S. Fox
Ellen V. Holloman

65 East 55th Street
New York, New York 10022
mfox@olshanlaw.com
eholloman@olshanlaw.com
(212) 451-2300 (telephone)
(212) 451-2222 (facsimile)
*Attorneys for Plaintiff*

Dated: New York, New York
August 16, 2010

WOLLMUTH MAHER & DEUTSCH LPP

By: _____
Paul R. DeFilippo
Adam Bialek
Andrew S. Baron

500 Fifth Avenue
New York, New York 10110
pdefilippo@wmd-law.com
abialek@wmd-law.com
abaron@wmd-law.com
(212) 382-3300 (telephone)
(212) 328-0050 (facsimile)
*Attorneys for Defendants*

SO ORDERED:

_____
Naomi Reice Buchwald, U.S.D.J.
8/19/10

9

1044058-2

EXHIBIT "A"

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALAN NISSELSON, as Chapter 7 Trustee of Tasker Products Corp., <br><br> Plaintiff(s), <br><br> -against- <br><br> LANNY DACUS, GREG OSBORN, STATHIS KOUNINIS, DOREEN REMMEN, JOSEPH P. CARFORA, TIMOTHY M. LANE, FREDERICK G. LEDLOW, WILLIAM P. MILLER, and PETER O'GORMAN, <br><br> Defendants. | Case No. 10-CV-01665 (NRB) <br><br><br> **AGREEMENT WITH RESPECT TO CONFIDENTIAL MATERIAL** |

I, _____, state that:

1. My address and contact telephone number is: _____
_____.

2. I have received a copy of the Stipulation for the Production Exchange of CONFIDENTIAL INFORMATION (the "Stipulation") entered in the above-entitled action on July __, 2010. I have carefully read and understand the provisions of the Stipulation, and will comply with all of the provisions of the Stipulation.

3. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

4. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

10

1044058-2

5. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated:

_____